UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-699-GCM

| | | |
|---|---|---|
| DIANNE MICHELE CARTER EL-BEY, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PAUL GESSNER, | ) ) | **ORDER** |
| Defendant. | ) ) ) ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2). Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, and the Court will dismiss this action with prejudice.

**I.    FACTS**

On December 16, 2014, pro se Plaintiff Dianne Michele Carter El-Bey filed the instant Complaint, naming the following twenty persons as Defendants: (1) Paul G. Gessner, identified as a judge in Wake County, North Carolina; (2) Forrest Bridges, identified as a "visiting judge" in Mecklenburg County, North Carolina; (3) F. Lane Williamson, identified as a judge in Mecklenburg County, North Carolina; (4) Sylvia B. Cherry, identified as a magistrate in Mecklenburg County, North Carolina; (5) Donald Cureton, identified as a judge in Mecklenburg County, North Carolina; (6) Matthew J. Osman, identified as a judge in Mecklenburg County, North Carolina; (7) Rebecca Tin, identified as a judge at Mecklenburg County, North Carolina; (8) Regan M. Miller, identified as a judge in Mecklenburg County, North Carolina; (9) John Lynch, identified as a notary agent with the North Carolina Secretary of State in Raleigh, North

Carolina; (10) R. Andrew Murray, identified as a district attorney in Mecklenburg County, North Carolina; (11) Frederick R. Benson, identified as an assistant clerk with the Mecklenburg County Superior Court; (12) Irwin Carmichael, identified as the Sheriff of the Mecklenburg County Sheriff's Office; (13) Marilyn Porter, identified as the managing attorney with the Mecklenburg County Sheriff's Office; (14) Phillip Moody, identified as a sheriff sergeant with the Mecklenburg County Sheriff's Office; (15) Sylvia M. Deese, identified as a deputy sheriff with the Mecklenburg County Sheriff's Office; (16) C. Shannon, identified as a deputy sheriff with the Mecklenburg County Sheriff's Office; (17) W.J. Van Allen, identified as a deputy sheriff with the Mecklenburg County Sheriff's Office; (18) Charles E. Lyons, identified as an attorney with the law firm of Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A.; (19) Michael S. Hunter, identified as an attorney with the law firm of Horack, Talley, Pharr & Lowndes, P.A.; and (20) R. Keith Johnson, identified as a bankruptcy attorney.

The caption of the Complaint identifies Plaintiff's action as one brought under "Title II of the ADA for Violations of Due Process of Law." (Doc. No. 1 at 1). Furthermore, Plaintiff states that jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 42 U.S.C. § 12101. Plaintiff also states that she is bringing her claims against all Defendants in their individual and official capacities, and that most of the Defendants are alleged to have acted under color of state law at the time the alleged claims arose. The allegations that certain Defendants were acting "under color of state law" suggest that Plaintiff is also attempting to bring this action under 42 U.S.C. § 1983.

In her eighteen-page complaint, Plaintiff, who appears to identify herself as a member of the Moorish Holy Temple of Science, alleges that the named Defendants violated her due process rights, among other things. Plaintiff appears to be complaining about various criminal

and civil actions brought against her in North Carolina state court, including traffic infractions, a residential foreclosure, and the repossession of an automobile. The Court takes judicial notice that on March 17, 2014, Plaintiff filed Chapter 13 bankruptcy in this Court. See (No. 14cv30410 (Bankr. W.D.N.C.)). The Court also takes judicial notice that a Westlaw search of Plaintiff's criminal records in North Carolina shows numerous criminal charges against Plaintiff, some of which have been dismissed or otherwise disposed of, including performing notarial acts when not commissioned, as well as traffic infractions for driving without insurance, driving without registration, using a fictional registration car or license tag, and fleeing to elude arrest. The public records also show various liens, including a federal tax lien, filed against Plaintiff, as well as two civil lawsuits against Plaintiff in Mecklenburg County, with one civil judgment against Plaintiff in Mecklenburg County Superior Court.

Plaintiff's Complaint enumerates three claims, or "Counts" brought against the named Defendants: (1) "Violations of Due Process of Law" (Count One); (2) "Conspiracy against Rights, 18 U.S.C. § 241" (Count Two); and "Deprivation of Right under Color of Law, 18 U.S.C. § 242" (Count Three). (Doc. No. 1 at 8; 15). Plaintiff alleges that the Defendant state court judges and magistrates violated her due process rights by issuing arrest warrants against Plaintiff, by entering numerous criminal judgments against her traffic citations and other unspecified state crimes, and by entering preliminary injunctions against her and cancelling UCC liens in various state civil cases. Plaintiff alleges that Defendant Andrew Murray violated Plaintiff's due process rights by prosecuting a "frivolous" criminal case against Plaintiff. (Id. at 11). Plaintiff alleges that the Defendant sheriffs and deputy sheriffs violated Plaintiff's due process and other rights when Plaintiff was arrested and detained for various criminal infractions, when Plaintiff's automobile was auctioned and sold, and when, in August 2014, Defendant

Hunter took possession of a house belonging to the Moorish Holy Temple of Science/Moorish Science Temple of America and administered by Plaintiff as trustee. (Id. at 12; 13; 14). Plaintiff alleges that Defendant Benson violated Plaintiff's due process and First Amendment rights when "ruling over case 10-SP-3378 on June 3, 2010, when Benson refused to allow[] Petitioner, as trustee, to speak on behalf of the Moorish Holy Temple of Science." (Id. at 12). Plaintiff alleges that Defendant Lynch "violated due process of law in 2011 when he signed a warrant claiming 2 counts of felony, knowing such to be false, which caused Petitioner to be arrested and imprisoned for 6 days." (Id. at 11). Plaintiff alleges that Defendant Porter violated Plaintiff's due process rights from December 22, 2011, through January 5, 2012, by conspiring with Defendant Hunter to retain Petitioner in jail for fourteen days past the date Plaintiff should have been released. (Id. at 13).

Plaintiff also alleges in the Complaint that Defendants violated Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. Plaintiff alleges that the various private attorneys violated the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., by refusing, in a state foreclosure action, to provide the "names of the real party in interest and [by failing] to validate [Plaintiff's] purported debt." (Id. at 14). Plaintiff states that she previously "sought informal administrative relief regarding the acts complained of in this Complaint in the form of tort claims and bankruptcy filing." (Id. at 16). Plaintiff states that, as relief, she seeks compensatory damages against the named Defendants. (Id.).

The Court first addresses Plaintiff's Motion to Proceed in Forma Pauperis. In support of the motion, Plaintiff states that she had an average monthly income of $1000 during the past twelve months and that she expects to receive the same income next month. See (Doc. No. 2 at 2). Plaintiff further attests that she has no cash and no funds in any financial institutions. (Id.).

Plaintiff reports monthly expenses totaling $897. (Id. at 3). Because the Court finds that Plaintiff lacks sufficient funds with which to pay the filing fee, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

This action will be dismissed on numerous grounds. First, to the extent that Plaintiff is attempting to seek review by this federal court of the North Carolina state court decisions to which she refers in the Complaint, her action is barred by the Rooker-Feldman doctrine, which

bars federal courts from sitting "in direct review of state court decisions." District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983). See also Curley v. Adams Creek Assocs., 409 Fed. App'x 678, 680 (4th Cir. 2011) (holding that Rooker-Feldman precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her). Similarly, Plaintiff may not challenge collaterally, through this civil action, any actions taken by the United States Bankruptcy Court for the Western District of North Carolina in Plaintiff's Chapter 13 bankruptcy action.

Next, to the extent that Plaintiff is attempting to sue the individual magistrates or judges who presided over Plaintiff's state court actions, these officials are entitled to absolute judicial immunity.[1] See Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted); Jackson v. Houck, 181 Fed. App'x 372, 373 (4th Cir. 2006) (The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority.") (citing Mireles v. Waco, 502 U.S. 9, 12-13 (1991)); Imbler, 424 U.S. at 431.

Next, to the extent that Plaintiff is attempting to state a claim for a violation of her federal rights, including violations of her due process rights, through an action brought under 42 U.S.C. § 1983, none of the private actors named in the Complaint, such as the private attorneys, are state

---

[1] These named Defendants include Defendants Gessner, Bridges, Williamson, Cherry, Cureton, Osman, Tin, and Miller.

actors for purpose of an action brought under 42 U.S.C. § 1983.[2] As for the attorneys who have been named as Defendants, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under Bivens. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel and paralegal were not acting under color of state law under 42 U.S.C. § 1983). Furthermore, to the extent that Plaintiff purports to bring a claim against Defendant attorneys Hunter and Lyons under the federal Fair Debt Collection Practices Act ("FDCPA"), Plaintiff alleges only that these Defendants "failed to validate the purported debt but continued collection efforts in violation of the Fair Debt Collections Practices Act." (Doc. No. 1 at 14). Plaintiff alleges no facts to support her conclusory allegations of a FDCPA violation by these Defendants. Therefore, Plaintiff fails to state a claim against any of the named Defendants for a violation of the FDCPA.

Next, Defendant Mecklenburg County district attorney Murray "enjoy[s] absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties." Puckett v. Carter, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). In Imbler, the Supreme Court held that in "initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 430. The Court explained that prosecutors should be afforded absolute immunity when their "activities were intimately associated with the judicial phase of the criminal process." Id. Plaintiff has not alleged that Defendant Murray was acting outside the scope of his prosecutorial duties in this case. In sum, Defendant Murray enjoys

---

[2] These named Defendants include Defendants Lyons, Hunter, and Johnson.

prosecutorial immunity.

Finally, in addition to the reasons for dismissal stated above, and as to the remaining Defendants, the Court finds that the allegations in Plaintiff's Complaint are simply too vague to state a plausible claim for relief against any of the named Defendants, and the Complaint is subject to dismissal for this alternative reason. For instance, Plaintiff states that Defendants violated Title II of the Americans with Disabilities Act of 1990 ("ADA"), but she alleges no facts whatsoever to state a claim for a violation of the ADA, including alleging her purported disability. Additionally, as to Plaintiff's claim against Defendant John Lynch, notary agent with the North Carolina Secretary of State, Plaintiff alleges that Defendant Lynch "violated due process of law in 2011 when he signed a warrant claiming 2 counts of felony, knowing such to be false, which caused Petitioner to be arrested and imprisoned for 6 days." (Doc. No. 1 at 11). Plaintiff's allegations against Defendant Lynch are vague and conclusory and simply fail to state a claim against Lynch for a violation of Plaintiff's due process rights.

As to Plaintiff's claim against Defendant Frederick Benson, identified as an "assistant clerk in Mecklenburg County," Plaintiff alleges that Defendant Benson "violated due process of law while ruling over case 10-SP-3378 on June 3, 2010, when Benson refused to allow[] Petitioner, as trustee, to speak on behalf of the Moorish Holy Temple of Science." (Doc. No. 1 at 12). Plaintiff alleges that Defendant Benson "violated Rule 17 of the rules of civil procedure that acknowledges an administrator as a Real Party in Interest" and Plaintiff further alleges that Benson "violated the 1st Amendment under color of state law and is guilty of religious persecution." (Id.). Plaintiff fails to state a claim for either a due process or First Amendment violation against Defendant Benson based on Benson's alleged refusal to allow Petitioner "to speak on behalf of the Moorish Holy Temple of Science."

Next, as to Defendant Irwin Carmichael, identified as Sheriff of Mecklenburg County, Plaintiff alleges that Defendant Carmichael is liable based on respondeat superior. Specifically, Plaintiff alleges that Defendant Carmichael,

> in place of outgoing sheriff Daniel Bailey, violated due process of law in all claims regarding the sheriff defendants beginning December 12, 2011. Petitioner was arrested without a warrant and detained in the custody of the sheriff in the Mecklenburg County Jail for 24 days for a traffic infraction, failing to pay a debt and a Contempt Order. In accordance with the Order, the contempt was purged on 12/22/2011, and Petitioner should have been released on that date. However, Petitioner was kept in custody for an additional 14 days. The sheriff is also liable to Petitioner under 42 U.S.C. § 1986 action [sic] for neglect to prevent interference with civil rights.

(Doc. No. 1 at 12). Plaintiff's claim against Defendant Carmichael, who has been Sheriff of Mecklenburg County since December 2014, fails because there can be no liability based on respondeat superior in Section 1983 actions. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). In sum, Plaintiff fails to state a claim against Defendant Carmichael.

Next, as to Defendant Porter, managing attorney at the Mecklenburg County Sheriff's Office, Plaintiff alleges that Defendant Porter violated Plaintiff's due process rights from December 22, 2011, through January 5, 2012. Plaintiff alleges that she "was arrested without a Warrant for a traffic infraction, failing to pay a debt and Judge Williamson's contempt order. The contempt was purged on 12/22/11 and in accordance with the Order, Petitioner was to be released on that date. However, Porter . . . conspired with Defendant Hunter and kept Petitioner in custody for an additional 14 days." (Id. at 13). Plaintiff's claim against Defendant Porter fails, as Plaintiff does not allege how Porter, while acting as the managing attorney for the Mecklenburg County Sheriff's Office, had the authority to keep and personally participated in

retaining Plaintiff in police custody for fourteen days after Plaintiff was entitled to be released. In sum, Plaintiff fails to state a claim against Defendant Porter.

Net, as to Defendants Moody, Deese, and Allen, all alleged to be officers with the Mecklenburg County Sheriff's Office, Plaintiff alleges that on December 12, 2011, and then again July 19, 2013, Plaintiff was arrested without a warrant while "on private Temple property," which purportedly refers to Plaintiff's automobile, "for purported traffic infractions" in cases 11cr254821 and 13cr229437. Plaintiff alleges that Defendants Moody and Deese participated in the first traffic stop and that Defendant Allen participated in the second traffic stop. As to Defendants Moody and Deese, Plaintiff alleges that these Defendants:

> violated due process of law on December 12, 2011, when they conspired together to arrest Petitioner without a Warrant for a traffic infraction, failing to pay a debt and a contempt order. Moody handcuffed and arrested Petitioner while on Temple property. Petitioner watched as Moody removed the Temple license plate from the Temple vehicle while the vehicle was on Temple property. Moody and/or Deese authorized the Temple vehicle to be towed off Temple property without authorization and under protest of Petitioner. Upon arrival at the jail, Petitioner was presented with a citation and 2 Orders but no Warrant. This case against Petitioner, 11 CR 254821, was dismissed April 13, 2012, and Charlotte Mecklenburg Police Dept returned the Temple license plate.

(Doc. No. 1 at 13). As to Defendant Allen, Plaintiff alleges that Allen:

> violated due process of law on or about July 19, 2013 when he arrested Petitioner without a Warrant, while on private Temple property for purported traffic infractions in case #13 CR 229437. One of Van Allen's claims was the same as in #11CR254821, which was dismissed in 2012. Van Allen subjected Petitioner to be twice put in jeopardy of life or limb. Van Allen claimed to be in the "lawful performance of his duties" but failed or refused to respond to Petitioner's affidavit for proof of his claim.

(Id. at 14).

Plaintiff fails to state a legal claim against Defendants Moody, Deese, or Allen. Plaintiff's claim is in the nature of a Fourth Amendment claim. Plaintiff's criminal records show that on July 19, 2013, Plaintiff was arrested in Mecklenburg County for driving with no

-10-

operator's license, having a fictional title/registration/registration card/tag, driving a motor vehicle with no registration, and feeling to elude arrest. Plaintiff's criminal records do not indicate what charges were brought against Plaintiff following her alleged arrest on December 12, 2011, but Plaintiff alleges that she was arrested on that date based on a traffic infraction, failing to pay a debt, and a contempt order. Here, officers did not need a warrant to initiate the arrest of Plaintiff for these various violations. As another federal district court explained in a similar case:

> Probable cause for any one of these offenses is sufficient probable cause for Plaintiff's arrest. See, e.g., United States v. Jackson, 377 F.3d 715 (7th Cir. 2004) (deciding that probable cause existed where police stopped a car, requested the driver's license, and decided to detain the driver 'after he did not hand over a driver's license, and information from the police database raised doubts about his identity'). This is true even though the offenses may be punishable only by fine. See Atwater [v. City of Lago Vista, 532 U.S. 318, 354 (2001)] (holding that arrests for misdemeanor violations that would be punishable only by a fine do not offend any constitutional principles); Williams v. Jaglowski, 269 F.3d 778, 784 (7th Cir. 2001); Antia v. Thurman, 914 F. Supp. 256, 258 (N.D. Ill. 1996) (finding that officer had probable cause to arrest plaintiff when it was undisputed that the vehicle registration was expired).

Moorish Nat'l Republic: Federal Gov't Moorish Divine and Nat'l Movement of the World v. City of Chicago, No. 10-CV-1047, 2011 WL 2893024, at *7 (N.D. Ill. July 19, 2011). Moreover, to the extent that Plaintiff's claims rest on the notion that, because of her identity as a member of the Moorish Holy Temple of Science, she is entitled to drive her automobile without being subject to any state's license and registration laws, this contention is frivolous. In sum, Plaintiff fails to state a claim for relief against Defendants Moody, Deese, or Allen.[3]

Finally, as to Defendant Shannon, identified as a deputy sheriff with the Mecklenburg County Sheriff's Office, Plaintiff alleges that Defendant Shannon

---

[3] The Court further notes that, to the extent that Plaintiff is attempting to challenge any state criminal convictions that resulted from the arrests, those claims would likely be barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994).

violated due process of law on or about December 14, 2011, while Petitioner was in the custody of the Sheriff in Mecklenburg County Jail. Without a Warrant, Shannon and the tax collector conspired to auction and sell the vehicle belonging to Temple for alleged taxes owed amounting to $1,333.23. Neither Petitioner nor the Temple has a contract with or owes a debt to the tax collector. The Temple is tax exempt; the tax collector can make no law regarding the Temple (Constitution, 1st Amendment). Under threat, duress, and coercion, Petitioner authorized the payment of the purported debt in order to regain possession of the vehicle.

(Doc. No. 1 at 13). Again, to the extent that Plaintiff alleges that she is not subject to state tax laws by virtue of her membership in the Moorish Holy Temple of Science, this claim is wholly frivolous and will be dismissed.

In sum, the Court concludes that Plaintiff has failed to state a legal claim against any of the named Defendants in this action. It is clear to this Court that, through this action, Plaintiff is attempting to harass numerous individuals who were participants in some form or another in numerous civil and criminal actions that were properly brought against Plaintiff. The gist of Plaintiff's lengthy Complaint is that she appears to be contending that she is somehow immune from the laws of the State of North Carolina merely by her alleged membership in the Moorish Holy Temple of Science. As this Court has previously observed:

> The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the "Moorish-American" nation is ludicrous. See, e.g., United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders"); Allah El v. Dist. Att'y for Bronx Cnty., 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence"); cf. El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009) (unpublished) (any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are frivolous).

Caldwell v. Wood, No. 3:07cv41-RJC, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010). For the reasons stated herein, the Court will dismiss this action with prejudice. The Court further warns Plaintiff that if she files any more frivolous actions in this Court purporting to raise legal

claims based on her membership in the Moorish Holy Temple of Science, the Court will not hesitate to impose sanctions against Plaintiff, including a pre-filing injunction and monetary sanctions.

**IV. CONCLUSION**

Having conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that this action will be dismissed for the reasons stated herein.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

(2) The Court dismisses this action with prejudice, and the Clerk is instructed to terminate this case.

Signed: January 9, 2015

Graham C. Mullen
United States District Judge